## Commonwealth v. Leitzel

*Horace Vought,* for Commonwealth.
*Miller Alanson Johnson,* for defendant.

LESHER, P. J., January 7, 1941.—Raymond M. Leitzel, defendant, was arrested for operation of his motor vehicle at a rate of speed more than 50 miles per hour, the maximum speed allowed under the law.

He was arrested by Corporal Ortmeyer, of the Pennsylvania Motor Police, and was taken before John Bittinger, one of the justices of the peace in and for Snyder County,

Pa., for a hearing. The officer testified that he timed defendant and found him to be traveling at 60 miles per hour.

On cross-examination by counsel for defendant, the witness was asked whether or not he had his certificate showing that his speedometer had been tested for accuracy within 30 days, and he admitted that he did not have it, but testified that it had been tested within 30 days, although he did not testify that it was correct.

The justice of the peace found defendant guilty.

Defendant took a writ of certiorari and, in support of said writ, filed several exceptions to the effect that there was no competent testimony that the officer's speedometer had been tested for accuracy within 30 days and, therefore, there was no competent evidence from which defendant could be found guilty.

The Vehicle Code of May 1, 1929, P. L. 905, provided, prior to the amending Act of June 27, 1939, P. L. 1135, that, in checking the speed at which an automobile was being operated on the highway, it should be timed for a distance of not less than one-quarter mile by a peace officer using a motor vehicle equipped with a speedometer tested for accuracy within 30 days prior to the alleged violation.

It has been quite uniformly held by the lower courts that the person who had tested the speedometer for accuracy must be called as a witness and testify as to the mode he used in testing and the result of his test.

In cases where the testing officer was not called, the defendant was discharged.

Section 23 of the Act of 1939, supra, amending section 1002 of The Vehicle Code of 1929, supra, provides that an official certificate from an official speedometer testing station, showing such test was made and to the effect that the speedometer was tested for accuracy, the date thereof, and the degree of accuracy of such speedometer, after adjustment, shall be competent and prima facie evidence of the fact that such certificate was issued by an official speedometer testing station, appointed

by the secretary, and of the accuracy of every speedometer in every proceeding, where an information is brought charging violation of this section.

Under this legislation, there are now two ways in which the accuracy of a speedometer used for timing the speed of automobiles can be proven. One is by calling the official who made the test, and the other is by producing a certificate that the same had been tested, issued by the testing officer.

In this case, neither was done. The officer did not have his certificate, and the person making the test was not called as a witness. As a matter of fact, the notes of testimony were taken stenographically and filed, and the officer does not even testify that his speedometer was correct. It would have to be by implication that his speedometer was tested within 30 days and was, therefore, correct.

It is contended, on the part of counsel for defendant, that, inasmuch as there is no competent evidence that the speedometer used by the officer to time defendant's automobile had been tested within 30 days, the conviction cannot stand.

This is a criminal case and the law must be strictly construed, and the burden was on the Commonwealth to show, by competent evidence, that the speedometer on the car operated by the motor police officer on this occasion had been tested for accuracy within the period set out in The Vehicle Code, supra. This the Commonwealth failed to do and, therefore, the writ of certiorari must be sustained, the conviction of the justice of the peace must be reversed, and defendant discharged.

And now, January 7, 1941, the conviction by the justice of the peace is reversed and defendant is discharged, costs to be paid by Snyder County.